Shatjck, J.
The duty enjoined upon the plaintiffs in error with respect to printing the record filed here for a review of the judgment of the circuit court is prescribed by Section 12254, General Code: “When a petition in error is filed in the supreme court, so much of the record to be reviewed as will show the error complained of shall be printed, and ten copies thereof filed with the papers.”
It is true that in their petition in error the plaintiffs have made assignments of error which do not appear in that portion of the record which they have caused to be printed; but the obvious construction of the provision of the statute is in accord with the established practice which is that the plaintiff in error is deemed to have waived all errors assigned in the petition in error which do not appear on the portion of the record which he causes to be printed. The journal entry of the judgment of the circuit court which has been printed includes its findings of fact and conclusions of law, and whether its conclusions of law and the judgment rendered are justified by the facts which it found is a question of law which the plaintiffs in error are entitled to present to this court without any distinct and unrelated question which the bill of exceptions might show *185 to have been raised upon the trial in the circuit court or upon the. motion for a new trial. A finding of fact by the circuit court if its correctness is not challenged by either party is one of the recognized modes of determining the issues of fact joined in the pleadings. It concludes the controversy as to the facts in a case, leaving for the trial court, or a reviewing court, only a consideration of the judgment which the law requires upon the facts so conclusively found. This view is clearly sustained by Carpenter v. Warner, 38 Ohio St., 416, and by familiar practice when facts are so found either by courts or juries.
The view of counsel for the defendants in error is that the evidence adduced upon the trial justified further findings in their favor than those made by the circuit court, and that if this court should be of the opinion that the facts stated in the journal entry of the circuit court are not sufficient to warrant the judgment which it rendered, we should resort to the bill of exceptions to find other facts which would support the judgment. A bill of exceptions taken by either party is, of course, available to his adversary for the presentation to a reviewing court of such questions as the bill would present for review if it had been taken by him. But this would not justify us in sustaining the motion to require the plaintiffs in error to print their bill. As they have printed so much of the record as is required to present the only error of which they now complain,- they are strictly within their rights, *186 and they are entitled to be heard upon the record so printed. To present that question it was not necessary even to take a bill of exceptions.
We do not inquire whether the bill shows that the defendants in error are entitled to a finding of other facts of a material character and favorable to them. If we should so find we should, nevertheless, be required to hold the present motion to be not well taken. Their counsel are aware that we do not determine the weight of conflicting evidence, but if they are of opinion that the bill, if printed and considered with the other portions of the record, would supply support for its judgment though not found by the circuit court, Weaver v. The C. S. & H. Ry. Co., 76 Ohio St., 164, by obvious analogy, suggests what we conceive to be the proper practice. In that case the plaintiff in error had filed a petition here for the reversal of a judgment of reversal which the circuit court had rendered, alleging that it had erred in reversing upon the ground stated in the entry of its judgment, and printing so much of the record as would present that question. We recognized the right of the defendant in error here to have the circuit court’s judgment of reversal sustained upon grounds not stated in its journal entry if they appeared in the record which had been presented to that court, but held that it was incumbent on the defendant in error within the time limited for the filing of his brief to print such additional portion of the record as would present such other grounds for the judgment which he had recovered below as he desired to present here. *187 If the defendants in error desire to present here the question suggested, it is incumbent upon them to print the bill of exceptions.

Motion overruled.

Davis, C. J., Spear, Johnson, Donahue and O’Hara, JJ., concur.